**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

KATHY OTERO,

Plaintiff,

      v.                                                                           Civil No. 07-739 WJ/ACT

FAMILY DOLLAR STORES OF
NEW MEXICO, INC.,

Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS ON RETALIATION CLAIM**

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Retaliation Claim, filed August 29, 2007 **(Doc. 7)**. Plaintiff alleges sex discrimination and retaliation by her employer in violation of Title VII. Defendant moves for dismissal of the retaliation claim only, on the basis that it is time-barred because of Plaintiff's failure to administratively exhaust this claim. Having considered the parties' briefs and the applicable law, I find that Defendant's motion is well-taken and shall be granted.

**Background**

Plaintiff started employment as a cashier at Family Dollar Stores of New Mexico, Inc. ("Family Dollar") and was terminated on December 27, 2005. She alleges that she suffered incidents of sexual harassment at the hands of the male manager, assistant manager, and male co-worker. Specifically, Plaintiff alleges that those individuals engaged in sexually explicit conversations in her presence, and physically grabbed her around her waist multiple times, even though Plaintiff told them not to touch her. In early December, 2005, Plaintiff claims that the assistant manager witnessed the male co-worker bite her on her shoulder blade, an incident

which the assistant manager reported to the manager.  According to the Complaint, neither the assistant manager nor the manager took any action regarding those incidents.

In mid-December 2005, there was a shortage at the cash register, for which Ms. Otero was instructed to sign a "write-up."  Plaintiff claims that her male co-worker was not required to sign a "write-up."  In late December 2005, Plaintiff spoke with the manager and requested the telephone number of the store owner in order to report the incidents of sexual harassment, to which the manager responded "Don't bother coming back."  Ms. Otero understood that she was terminated.   She seeks to recover lost wages and benefits, as well as damages for emotional distress.

## Discussion

An individual wishing to challenge an employment practice under Title VII must first file a charge with the Equal Employment Opportunity Commission ("EEOC").  Ledbetter v. Goodyear Tire & Rubber Co., Inc. __ U.S. __, 127 S.Ct. 2162, 2166-67 (2007).  Such a charge must be filed within a specified period.  The latest possible filing date is 300 days after the last allegedly unlawful act. 42 U.S.C. § 2000e-5(e)(1).

Ms. Otero was terminated on December 27, 2005.  She timely filed an EEOC charge on January 3, 2006 alleging discrimination based on sex.  On that document, Plaintiff checked the box marked "sex."  Ex. 1.  On November 22, 2006, Plaintiff filed an amended charge of discrimination, alleging for the first time that Family Dollar retaliated against her for reporting that discrimination.  Plaintiff checked off the boxes for both "sex" and retaliation on that EEOC document. Ex. 2.  The amended charge was filed 330 days after the date of Plaintiff's termination.  Defendant claims that the retaliation claim is time-barred and must be dismissed

because it was filed outside of the 300-day exhaustion period.

**I.      The EEOC Amendment Does Not Relate Back to Original EEOC Charge**

Plaintiff argues that the her amended EEOC charge, which adds a retaliation claim, relates back to her original charge, citing Simms v. Okla. ex rel. Dept. of Mental Health and Substance Abuse Serv., 165 F.3d. 1321, 1326 (10th Cir. 1999).  In Simms, the Tenth Circuit Court of Appeals affirmed the district court's dismissal of plaintiff's retaliation claims because they did not "relate back" to the filing date of the original EEOC charge in order to be considered timely.  An amendment can relate back if it (1) corrects technical defects or omissions; (2) clarifies or amplifies allegations made in the original charge; or (3) adds additional Title VII violations "related to or growing out of the subject matter of the original charge."  Simms, 165 F.3d at 1326.

Plaintiff contends the amended charge simply corrects a defect, or alleges a claim that was related to or grew out of her original charge.  Thus, she argues, her amended charge fits within the Simms framework.  However, while precise pleading is not required for Title VII purposes, Mitchell v. City and County of Denver, 112 Fed.Appx. 662, 667 (10th Cir. 2004), a party's failure to mark a box for a particular type of discrimination creates a presumption that the complainant is not asserting claims under those theories.  Gunnell v. Utah Valley State Coll., 152 F.3d 1253, 1260 (10th Cir. 1998).  Plaintiff's failure to check the box marked "retaliation" in the first EEOC charge is more than a technical omission.  The addition of a retaliation claim goes to the substance of the charge and puts an employer on notice of a violation prior to the commencement of judicial proceedings.  Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003)).

Plaintiff's retaliation claim does not eminate from the subject matter of the initial EEOC charge. It does not relate back to the initial EEOC charge of discrimination on the basis of sex because it alleges a new theory of recovery not previously raised. In Gunnell, for example, the Tenth Circuit Court of Appeals noted that because plaintiff's original EEOC charge alleged only retaliation, an amendment to add a sexual harassment claim did not relate back to the original charge. 152 F.3d at 1260 n. 3 (10th Cir.1998). In Simms, the case on which Plaintiff relies, the Tenth Circuit affirmed the district court's dismissal of plaintiff's retaliation claim, on the basis that it did not relate back to the previous EEOC charge alleging race discrimination. Ms. Otero's initial EEOC charge stated: "I believe I have been discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, amended." Ex. 1. Nothing in this statement or in Plaintiff's statement of harm mentions or suggests a claim based on retaliation. In contrast, Plaintiff's November 22, 2006 EEOC charge adds the language: "Amendment – I believe I have retaliated against for complaining about sexual harassment." Ex. 2.

In Simms, the Tenth Circuit acknowledged a "limited exception" to the exhaustion rule for Title VII claims when the unexhausted claim is "reasonably related" to the allegations of the EEOC charge. The "reasonably related" exception has been interpreted to include most retaliatory acts *subsequent* to an EEOC filing. 165 F.3d at 1327. Plaintiff has not specifically argued that this limited exception applies. However, even if Plaintiff did argue on this basis, the exception would not apply because the alleged retaliatory act – Plaintiff's termination – occurred *prior* to the filing of the first EEOC charge, and should have been included in that original charge. Id. ("where a retaliatory act occurs *prior* to the filing of a charge and the employee fails

4

to allege the retaliatory act or a retaliation claim in the subsequent charge, the retaliatory act ordinarily will not reasonably relate to the charge") (emphasis added).  In short, Plaintiff could have alleged, but failed to allege, a retaliation claim in her original EEOC charge.  She cannot rescue it from oblivion by raising it in a subsequent EEOC charge under the "reasonably related" exception.

Plaintiff's contention that her amended EEOC charge relates back to her original charge is doomed, perhaps most definitively, because of the recent United States Supreme Court decision, National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 122 S.Ct. 2061 (2002). Morgan has effected fundamental changes to the doctrine allowing administratively unexhausted claims in Title VII actions.  Morgan requires that an EEOC charge must be filed within the 180- or 300-day time period after each discrete discriminatory act occurred.[1]  The Supreme Court noted that "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act."  536 U.S. at 113.  Plaintiff's termination qualifies as a "discrete act" under Morgan:

> Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice.

536 U.S. at 114.

Morgan's broad sweep has been recognized in this circuit as abrogating the "reasonably related" and "continuing violation" exceptions to administrative exhaustion. In Annett vs. University of Kansas, 371 F.3d 1233 (10th Cir. 2004), the Tenth Circuit stated:

---

[1] Hostile environment claims are considered non-discrete acts of discrimination, and are treated differently under Morgan.  A court may consider hostile environment acts outside of the 300-day limitations period, as long as the acts are part of the same hostile environment claim, and there is a relationship between acts alleged after the beginning the of the filing period, and the acts alleged before the filing period. 536 U.S. at 117.

> Previously, we would proceed to examine whether the alleged employment action, provided it occurred after the filing of the EEOC charge, was "like or reasonably related to the allegations of the EEOC charge." Ingels v. Thiokol Corp., 42 F.3d 616, 625 (10th Cir.1994). However, our recent holding in Martinez v. Potter, 347 F.3d 1208 (10th Cir.2003), has foreclosed this line of inquiry. In Martinez, we abrogated the continuing violation exception to our jurisdictional requirements to allege a claim of retaliation and held that "unexhausted claims involving discrete employment actions are no longer viable." Id. at 1210. In so doing, we relied on [Morgan], which concluded that each discrete retaliatory action constitutes its own "unlawful employment practice for which administrative remedies must be exhausted," Martinez, 347 F.3d at 1210 (quotation omitted), and we applied Morgan to incidents occurring after an employee's filing of an EEO complaint. Pursuant to our holding in Martinez, we dismiss this claim for failure to exhaust administrative remedies.

371 F.3d at 1237. The Tenth Circuit again referred to Martinez v. Potter in Dunlap v. Kansas Dept. of Health and Environment, 127 Fed.Appx. 433 (10th Cir. 2005), where the plaintiff argued that her unexhausted allegations should be included in the lawsuit if the incidents were "like or reasonably related to the allegations" of the administrative charge. Id. at 438. The court found plaintiff's argument "untenable in the wake of Morgan" and noted that this "narrow exception" no longer existed in its wake. Instead, Morgan requires that a plaintiff exhaust separately each discrete incident of discriminatory or unlawful employment practice. Id.

For Ms. Otero, the impact of Morgan means that she was required to administratively exhaust her alleged retaliation claim within the 300-day limitations period. As discussed above, Plaintiff cannot rely on the "reasonably related" exception to exhaustion for two reasons. First, that exception is directed toward the potential inclusion of discriminatory acts which occurred subsequent to an EEOC filing, not prior to that filing – as in this case.[2] Second, Morgan has

---

[2] Morgan specifically addressed claims which occurred more than 300 days prior to the filing of a plaintiff's EEOC complaint, when no administrative remedy had been sought for those claim. However, in Martinez, the Tenth Circuit applied the rule set out in Morgan to discrete acts based on incidents which occurred *after* the filing of a plaintiff's EEOC charge. See also Tucker v. Colorado Dept. of Public Health and Environment, 104 Fed.Appx. 704 (10th Cir.

6

been construed by the Tenth Circuit to abrogate that exception to the administrative exhaustion requirement.

## II.     The Exhaustion Requirement does not Warrant Equitable Tolling

Plaintiff also argues that any untimeliness in filing an EEOC charge on her retaliation claim does not deprive this Court of jurisdiction over the claim.  She contends that the filing of a timely charge with the EEOC is not a jurisdictional prerequisite to suit in federal court, relying on Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (noting that the legislative history indicates that Congress intended the filing period to operate as a statute of limitations instead of a jurisdictional requirement).  Plaintiff is correct that the administrative filing requirement with EEOC is subject to waiver, estoppel and equitable tolling.  Morgan, 536 U.S. at 113 (citing Zipes).  However, such equitable doctrines "are to be applied sparingly."

Although the Supreme Court has held that failure to file a timely charge with the EEOC does not deprive the courts of jurisdiction, the Tenth Circuit has concluded that the filing of an EEOC charge is a jurisdictional prerequisite – even after Zipes.  See, Aramburu v. Boeing Co., 112 F.3d 1398, 1409 (10th Cir. 1997) (plaintiff must exhaust administrative remedies before bringing suit under Title VII); Seymour v. Shawver & Sons, Inc., 111 F.3d 794, 799 (10th Cir. 1997) (federal courts lack jurisdiction to entertain Title VII claims unless such claims are previously filed with EEOC), abrogation on other grds. recognized by Dunlap v. Kansas Dept. of Health and Environment (127 Fed.Appx. 433) (10th Cir. 2005) (discussing effect of Morgan on exception to administrative exhaustion).

---

Colo., July 22, 2004) (acts occurring after filing of EEOC complaint are no longer "like or reasonably related to the allegation of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC") (citing Ingels, 42 F.3d at 625).

In Jones v. Runyon, 91 F.3d 1398, 1399-1400 n. 1 (10th Cir.1996), cert. denied, 520 U.S. 1115 (1997), the Tenth Circuit recognized not only the disparity between the holding in Zipes and subsequent Tenth Circuit case law, but also a disagreement among some circuits as to whether a prior EEOC filing is a jurisdictional requirement or a nonjurisdictional condition precedent that can be waived.  However, the Court of Appeals noted that it was nevertheless bound by prior authority ("[b]ecause one panel cannot overturn the decision of a prior panel, we are bound by our prior Tenth Circuit authority") (citation omitted). 91 F3d. at 1400 n.1.  Also, it is not clear whether the jurisdictional requirement is met in this Circuit regardless of the timeliness of the EEOC filing.  Cmp., McCall v. Board of Com'rs of County of Shawnee, KS., 291 F.Supp.2d 1216, 1221 (D.Kan. 2003) ("the actual filing of a charge, *whether timely or not*, is a jurisdictional prerequisite" precluding the application of equitable principles) (emphasis added) with Boyer v. Cordant Techs., Inc., 316 F.3d 1137, 1138 (10th Cir. 2003) (*timely* pursuit of administrative redress is a prerequisite to filing suit under Title VII) (emphasis added).

The Tenth Circuit has applied equitable tolling of Title VII periods of limitation to untimely EEOC filings only if circumstances "rise to the level of active deception which might invoke the powers of equity to toll the limitations period."  McCall, 291 F.Supp.2d at 1223-24.  Equitable tolling might be appropriate where a plaintiff is "lulled into inaction by her past employer, state or federal agencies, or the courts," or "if a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights."  Id. (citing other Tenth Circuit cases).  In other words, in extreme circumstances in which a plaintiff was not at fault for the untimeliness of the EEOC filing, a court in this Circuit may permit tolling of the limitations period.

Because Ms. Otero's November 2006 EEOC filing does not relate back to her initial EEOC charge, it is untimely.  Plaintiff does not attempt to justify her untimeliness with a particular example of an extreme circumstance.  She states that the omission of her retaliation claim was either a technical omission, or simply that she is amending her charge to include a new theory of liability.  However, the advantages of hindsight do not qualify as a basis for equitable tolling.

Another issue that may arise in the timeliness of an EEOC complaint is determining when the time for filing began to run, if there is a question of when the injury occurred or was discovered.  See, Davidson v. AOL, Inc., 337 F.3d 1179 (10th Cir. 2003) (claims where there is an issue concerning when the time begins to run are subject to equitable doctrines of tolling and estoppel) (citing Morgan, 536 U.S. at 114 n.7).  Here, there is no uncertainty surrounding the fact that Plaintiff was allegedly terminated, or the date of the termination.  Thus, Plaintiff presents the Court with no viable basis for equitable tolling of her late EEOC retaliation charge.  See, Morgan, 536 U.S. 113-14 ("[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants").

## Conclusion

Plaintiff has failed to file a timely EEOC charge for her retaliation claim.  Her second EEOC charge filed in November 2006 does not relate back lack to the charge that was filed in January 2006.  Further, under National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), Plaintiff's termination is considered a separate and discrete discriminatory act which should have been administratively exhausted within the 300-day limitations period, which she

failed to do.

Further, Plaintiff presents the Court with no viable basis for equitable tolling of her late EEOC retaliation charge. Therefore, the Court does not have jurisdiction over Plaintiff's retaliation claim, and it shall be dismissed.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Retaliation Claim **(Doc. 7)** is hereby GRANTED for reasons set forth in this Memorandum Opinion and Order.[3]

_____
UNITED STATES DISTRICT JUDGE

---

[3] The Court's ruling does not affect Plaintiff's sex discrimination claim, which is still pending in this case.